**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Eugene Blumkin, *on behalf of himself and all others similarly situated*,<br><br>                    Plaintiff,<br>          v.<br><br>NCC Business Services, Inc.,<br><br>                    Defendant. | : <br>:<br>:<br>:<br>:<br>: Civil Action No.:1:14-cv-13604<br>:<br>: **CLASS ACTION COMPLAINT**<br>:<br>:<br>:<br>: |

Plaintiff, Eugene Blumkin, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Plaintiff, Eugene Blumkin ("Plaintiff"), brings this class action for damages resulting from the illegal actions of NCC Business Services, Inc. ("NCC" or "Defendant"). Defendant negligently placed automated calls to Plaintiff's cellular phone, and to the cellular phones of others similarly situated, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Further, Plaintiff brings this class action for damages resulting from the illegal actions of the Defendant stemming from NCC initiating in excess of two telephone calls in each seven-day period to the Plaintiff's telephone, and to the telephones of others similarly situated, in violation of the Massachusetts Consumer Protection Act (the "MCPA"), M.G.L. c. 93A § 2, and Massachusetts Debt Collection Regulations, 940 CMR 7:00, *et seq*.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.      Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6.      Plaintiff is, and at all times mentioned herein was, an adult individual residing in North Andover, Massachusetts.

7.      Plaintiff has never had a business relationship with NCC and never consented to be contacted by NCC on his telephone.

8.      NCC maintains its United States headquarters at 9428 Baymeadows Road, Suite 200, Jacksonville, Florida 32256.

9.      NCC operates, and at all times mentioned herein operated, as a debt collection agency.

10.     NCC, on its website, describes itself as "one of America's long-established third-party debt collection agencies."

## THE TELEPHONE CONSUMER PROTECTION ACT

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

13.     Under the TCPA, an "automated telephone dialing system" ("ATDS") is: (1) an automated dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent.  *See* 47

U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

14.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

15.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

16.     In the FCC 2008 Declaratory Ruling, the FCC confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.

**THE MASSACHUSETTS CONSUMER PROTECTION ACT**

17.     Pursuant to the powers granted under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 2(c), the Massachusetts Office of the Attorney General promulgated the debt collection regulations, 940 CMR § 7.00 *et seq.*, ("the Regulations"), the purpose of which is to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts.

18.     Specifically, pursuant to such Regulations, creditors or debt collectors may not initiate a communication with a debtor via telephone more than two times in a seven-day period.

## TCPA & MCPA CLASS ACTION ALLEGATIONS

19.     Defendant employs an ATDS as defined in 47 U.S.C. § 227(a)(1) and/or the FCC 2008 Declaratory Ruling.

20.     Defendant used its ATDS to call Plaintiff on his cellular telephone and landline.

21.     Defendant used its ATDS to initiate more than two communications with the Plaintiff via a telephone in a seven-day period.

22.     On its website, Defendant describes that it uses "Computerized Call Center Management System" in the course of its collection activities.[1]

23.     More specifically, on its website, Defendant describes the dialing system it uses as follows: "Integrated Predictive Dialer."[2]

24.     In addition, on November 26, 2012, Defendant registered its predictive dialer with the Public Utility Commission of Texas and reported that it operates equipment by Noble Systems, a known predictive dialer manufacturer.[3]

25.     The FCC has defined ATDS's, under the TCPA, to include "predictive dialers." *See* 2008 FCC Declaratory Ruling, ¶ 12.

26.     Defendant used its ATDS to call Plaintiff on his cellular telephone and his landline at least 3 times on the following dates: July 17, 2014 to a landline; July 17, 2014 to a cellular telephone; July 18, 2014 to cellular telephone.

27.     Defendant's calls came from the telephone number (904) 733-3033.

28.     As is typical with calls originating from a predictive dialer, when Plaintiff answered Defendant's call, there was initially a period of silence, before the call was connected to a live person.

---

[1] *See* http://collectionsiq.com/technology (last visited on August 13, 2014).
[2] See http://collectionsiq.com/technology (last visited on August 13, 2014).
[3] See Exhibit A.

29.     The cellular telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

31.     Defendant did not have the required prior express consent from Plaintiff to place automated calls using an ATDS to reach Plaintiff on his cellular telephone.

32.     Pursuant to the TCPA and the FCC 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone using an ATDS.

33.     Defendant obtained Plaintiff's cellular telephone number, as well as those of other potential members of the class, not from the purported debtors or their creditors, but by buying the information through what is known as "skip tracing."

34.     Defendant, on its website, describes its "skip tracing" activities as follow: "Because promptly locating a debtor is contingent on the quantity and quality of contact information, we use "waterfall" skip tracing technology to expedite data extraction from multiple data sources."[4]

35.     Irv Pollan, NCC vice president, further describes Defendant's "skip tracing" as follows:

> "We use 'waterfall' skip tracing technology interfaced with multiple data sources and outbound campaigns … While these integrated systems are highly effective to find verifiable contact information when accounts are first placed for collection, research specialization provides student account managers with a proven methodology to locate and qualify debtors associated with accounts that have been placed multiple times."[5]

---

[4] *See* http://collectionsiq.com/technology (last visited on August 13, 2014).
[5] *See* http://collectionsiq.com/studentcollectionpilotprogram (last visited on August 13, 2014).

36.     When cellular telephones are obtained from third parties using 'skip' techniques,

Defendant does not obtain prior consent from the cell phone subscribers to call them using its

ATDS.

A. *The Class*

1.     Plaintiff seeks to bring TCPA and MCPA claims as a class action pursuant to Fed.

R. Civ. P. 23 on behalf of himself and all others similarly situated.

2.     Plaintiff's proposed Class is as follows, subject to amendment as appropriate:

> **SUB-CLASS "A" Definition: All persons within the United States who, at any time during the last four years, received non-emergency telephone calls from NCC or one of its agents to a cellular telephone through the use of an ATDS and whose phone number was obtained by NCC, or one of its agents, through skip tracing.**

> **SUB-CLASS "B" Definition: All persons residing within the Commonwealth of Massachusetts who, at any time during the last four years, received more than two telephone calls from NCC or one of its agents, in a seven-day period, to a telephone.**

3.     Excluded from the Class are all people who consented to receive calls and all

officers, directors, and employees of Defendant, together with those individuals' immediate

family members, and their respective legal representatives, heirs, successors and assigns, the

officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together

with those individuals' immediate family members, Counsel for Defendant and Class Counsel

and their immediate family members, in addition to those whose claims are barred by the statute

of limitations.

B. *Numerosity*

4.     Upon information and belief, Defendant has placed millions of automated calls

using an ATDS to telephone numbers belonging to thousands of consumers throughout the

United States and the Commonwealth of Massachusetts without their prior express consent.  The

6

members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

5.      The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## C. *Common Questions of Law and Fact*

6.      There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

7.      The following questions of law and fact common to the Class members are ripe for determination:

a.  Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

b.  Whether Defendant made more than two calls in a seven-day period to Plaintiff and Class members' telephones;

c.  Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

d.  Whether Defendant is liable for damages, and the amount of such damages; and

e.  Whether Defendant should be enjoined from such conduct in the future.

8.      The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services, or if Plaintiff's claim that Defendant routinely places more than two calls in a seven-day period, Plaintiff and the Class members will have identical claims

capable of being efficiently adjudicated and administered in this case.

### D. *Typicality*

9.      Plaintiff's claims are typical of the claims of the Class since each of the claims

arises from the same or a substantially similar automated telephone call.

### E. *Protecting the Interests of the Class Members*

10.      Plaintiff will fairly and adequately represent Class interests.

11.      All Class claims arise from the very course of conduct and specific activities

complained of herein and require application of the same legal principles.

12.      Plaintiff has retained counsel experienced in litigating class actions and consumer

claims and who stands ready, willing, and able to represent the Class.

### F. *Proceeding Via Class Action is Superior and Advisable*

13.      A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.

14.      Absent a class action, most members of the Class would find the cost of litigating

their claims to be prohibitive, and therefore would have no effective remedy at law.

15.      The members of the Class are generally unsophisticated individuals whose rights

will not be vindicated absent a class action.

16.      The class treatment of common questions of law and fact is also superior to

multiple individual actions or piecemeal litigation in that it conserves the resources of both the

Court and the litigants, and promotes consistency and efficiency of adjudication.

17.      Prosecution of separate actions could result in inconsistent or varying

adjudications with respect to individual Class members that would establish incompatible

standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class

members would be dispositive of the interest of all other Class members.

18.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

19.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

20.     Defendant negligently placed multiple automated calls using an ATDS to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

21.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

22.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II

### Violation Of The Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Plaintiff is a "debtor" pursuant to 940 CMR § 7.03.

26.     The Defendant is a "creditor" pursuant to 940 CMR § 7.03.

27.     The Defendant employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

28.     The Defendants initiated communication via telephone with the Plaintiff and the other members of the Class in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

29.     Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2.  Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

4.  An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5.  Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 10, 2014

                                        Respectfully submitted,

                                        By   _/s/ Sergei Lemberg_

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff